*Kennon, J.
Mary A. Boberts and others brought an action of debt on an injunction bond, in the court of common pleas of Miami county, against Joseph E. Dust and others.
The bond was conditioned in these words:
“ The condition of the above obligation is such that whereas the above-named Joseph E. Dust has obtained the allowance of an injunction in the court of common pleas of Miami county and State of Ohio, to enjoin and restrain the above-named obligees from exca- or out a race certain of *504 said Dust, situated in the town of Tippecanoe, Miami county, and around the mill of said Dust, situate therein; and also restraining and enjoining them from using any part of the water from the Miami canal through the same premises to the property below, as more fully shown in the bill of said Dust, filed.on the chancery side of the Miami county common pleas, until the matter thereof can be heard in equity. Now, if the said Joseph E. Dust shall pay all moneys and costs due and to become due from him, and all moneys and costs which shall be decreed against him in case said injunction shall be dissolved, then this obligation shall be void; otherwise in full force and virtue in law.”
The plaintiffs in their declaration assigned for a breach of the bond, that on June 20, 1850, the Supreme Court dismissed the bill in chancery and dissolved the injunction, at the costs of the defendants ; that the plaintiffs, from the time of the allowance of the injunction until the time of its, dissolution, were deprived of the control and use of the mill-race, and of the waters that used to flow through the same to the mills of the plaintiffs, by means of which the plaintiffs were deprived, during all that time, of the use of one saw-mill, one oil-mill, one corn-mill, and a carding-machine; and that by reason thereof they sustained damage to the amount of §1,500, and that therefore they were entitled to judgment for the penalty of the bond.
The defendants craved oyer of the bond and condition, and pleaded that they had, after the commencement of the action at *law, paid the costs of the proceedings in 'chancery as well as the costs of the action at law, up to the time of filing the plea. To this plea the plaintiffs demurred, and the district court of Miami county overruled the demurrer, and held the plea a good bar. To reverse this decision this writ of error is prosecuted.
The only question presented for our consideration is whether the obligors in the bond were bound to the plaintiffs for anything more than the amount of the decree of the court in favor of the plaintiffs at the time of the dissolution of the injunction and dismissal of the bill. The district court held that, as.the decree of the old Supreme Court was for costs only, that the payment of these costs was a full compliance with the condition of the bond.
The plaintiffs in error contend that the obligors were bound to pay to/ them such damages as the plaintiffs had sustained by reason of being restrained from using the water accustomed to flow along *505 the race, thereby depriving them of the use and benefits of their mills. This question must be determined by the bond. What is a fair construction of the instrument? What did the parties intend by this instrument? In determining this question we look not only to the words of the bond, but to the facts and circumstances referred to in the bond itself. That part of the condition of the bond upon which the plaintiffs rely, is in these words: “Now, if the said Joseph E. Dust shall pay all moneys and costs due and to become due from him, and all’ moneys and costs which shall be decreed against him in case said injunction shall be dissolved, then this obligation to be void.” The construction put upon this bond by the district court was, that if the said Joseph E. Dust should pay all moneys and costs which should be decreed agsinst him in the chancery proceeding, he would have fulfilled the condition of the bond. This construction makes entirely inoperative that part of the condition of the bond which provides that Dust should pay all moneys and costs due and to become due from him. By the words of the bond he is not only to pay all moneys and costs due and to become due, but *he is also, by the express language, to pay the amount which may be, decreed against him on the dissolution of the injunction: it is not that he shall pay all moneys due and to become due, or the moneys that may be decreed against him, but he is, by the express condition of the bond, to do both.
If any effect can be fairly given to the first clause of the condition, it ought not to be rejected as mere verbiage. As a general rule, a liberal construction should be put upon written instruments, so as to uphold them if possible, and carry into effect the intention of the parties. In Broom’s Legal Maxims, p. 347, it is said: “ The two rules of most general application in construing a written instrument, are — 1. That it shall, if possible, be so interpreted ut res magis valeat quam pereat; and 2. That such meaning shall be given to it as may carry out and effectuate, to the fullest extent, the intention of the parties. It is laid down repeatedly by the old reporters and legal writers, that in construing a deed, every j>art of it must be made, if possible, to take effect, and every word must be made to operate in some shape or other. The construction, likewise, must be such as will preserve rather than destroy; it must be reasonable and agreeable to common understanding, and as near the minds and apparent intents of the parties as the rules of law will admit.”
*506 The bond in this case is in the penal sum of $1,500, and is required to be so by the order of the judge allowing the injunction; and it recites, that whereas the plaintiffs have been enjoined from excavating and clearing out a race, running through the premises of the defendant, and from using any part of the water of the canal through said premises to the property below, etc. It plainly appears what the object of the bill of complaint was, and what the plaintiffs were enjoined and restrained from doing. The court might have allowed the injunction upon such condition as it saw proper, and the order was, simply, that the defendants give bond and security in the sum of fifteen hundred dollars. The bond, however, has a condition, and is binding upon the parties *according to the condition; although following strictly the order of the judge, the condition might have been the payment of the whole $1,500, if the injunction should be dissolved. We, however, look at the bond and condition as they are, and to which defendants, by their signatures, agreed. It would be rather a strained construction of the instrument (and a still stranger condition to be in such a bond), that the plaintiffs should be enjoined; for an indefinite period of time, from doing a lawful act, and an act very beneficial to themselves, and yet the only condition upon which such restraint was imposed, was, that the defendants should pay the costs of the bill in chancery, an'd in order to secure such payment, the bond should be in the penal sum of $1,500. There is no doubt that the court having jurisdiction of the matter by the bill filed, might, upon the dissolution of the injunction, have retained the case, and assessed the damages in favor of the plaintiffs in this case, arising in consequence of the injunction; but there is as little doubt, that the court might simply dismiss the bill, and leave the parties to their action at law on the injunction bond. If the court in this case had assessed the damages on the final hearing of the chancery case, and decreed that the complainants pay the same, it is very clear-that the obligors in the bond would have been liable for the damages thus decreed, under the words, “ and all moneys and costs which may be decreed against him.” The court, however, have decreed nothing against the defendants except costs. The defendants, in substance, admit by the pleadings that the plaintiffs have sustained damages, over and above the costs, by reason of the illegal restraint imposed upon them, but insist that, the condition of the bond, are not bound to *507 of these damages; that the words, “ all moneys due and to become due,” have no meaning, or at least can not be construed to extend to damages. But the known maxim of the law, “ that all the words of the instrument are to be made to operate if possible,” would seem to require of us to give the words, “ all moneys and costs due and to become due from him,” some operation, if possible.
*These words, however, can have no operation at all, unless they apply to the damages which the plaintiffs may sustain by reason of the injunction. If no bill had been filed, and if the plaintiffs in this case had, by force, been restrained by defendants from taking the water of the canal through the race to their mills, an action might have been sustained against the defendants and damages recovered; but what would these damages have been but money, and money coming from the defendants to the plaintiffs ? and money, too, which the defendants ought to have paid without suit, and which, in the ordinary and common acceptation of the words, would be due from the defendant to the plaintiff. The plaintiff, on the dissolution of the injunction, had sustained damages by the act of the defendant. Money which he ought to pay without any litigation, and which, without giving to the words “money due,” any strained interpretation, means damages; and by giving to them the same meaning as though the word damages had been used, then every word in the condition would have an operation, and, as a majority of this court think, would cany out the intention of the parties to the instrument. Any other construction would give to the instrument a meaning which the parties never intended, and would render a portion of it a mere nullity. It is. thought however that, inasmuch as a part of the defendants are mere sureties, the instrument should be so construed as to operate favorably to sureties ; but I know of no principle of law which would require us to reject a part of the instrument because part of the obligors were sureties.
The judgment of the district court is reversed.